951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ernest J. TALMICH, Plaintiff-Appellant,
v.
Bernard J. BARRY; Dr. Murray, Defendants-Appellees.
 No. 91-1240.
 United States Court of Appeals, Tenth Circuit.
 Jan. 3, 1992.
 
 1
 Before LOGAN and BARRETT, Circuit Judges, and KELLY,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Plaintiff Ernest J. Talmich appeals the district court's Order adopting the Recommendation of the United States magistrate judge dismissing Plaintiff's complaint under 42 U.S.C. § 1983 as insufficient to state a claim upon which relief can be granted. Plaintiff brought this civil rights action against Defendants Bernard Barry, El Paso County Sheriff, and Dr. Carolyn Murray, medical director at the El Paso County jail, claiming violations of his Eighth Amendment right to be free of cruel and unusual punishment, denial of his Fourteenth Amendment right to equal protection, and negligence and lack of due care in the preparation of food in the jail. In his complaint, Plaintiff seeks medical and dental treatment, a court judgment stating that Defendants have violated his constitutional rights, and $10,000 in damages.
 
 
 5
 We review de novo a district court's decision to dismiss for failure to state a claim upon which relief can be granted. Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986). "We will uphold a dismissal [under Fed.R.Civ.P. 12(b)(6) ] only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir.1991) (citations omitted). We accept the allegations of the complaint as true and "construe them in the light most favorable to the plaintiff." Williams v. Meese, 926 F.2d 994, 997 (10th Cir.1991). In order to sustain an action under 42 U.S.C. § 1983, Plaintiff must show that his constitutional rights have been violated by parties acting under the color of state law. Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970)).
 
 
 6
 In his complaint, Plaintiff alleges that he suffered a knee injury while on the roof of the El Paso County jail. He states that he saw a physician the next day who x-rayed and aspirated the knee, and ascertained that no bones were broken. Plaintiff claims that the knee continues to bother him, that he "needs surgery on the knee," and that he is being denied this necessary medical treatment.
 
 
 7
 In addition, Plaintiff claims that he chipped a back tooth when he bit down on a staple in a piece of sausage he was eating. He admits that the dentist filled the tooth and informed him he may need a root canal after he is transferred to the Colorado Department of Corrections. Plaintiff complains, however, that his jaw on that side of his face is continually painful. He claims that the dentist has negligently refused to x-ray and treat his jaw.
 
 
 8
 In order to establish an implication of the Eighth Amendment, Plaintiff must demonstrate that Defendants have shown a deliberate indifference to his serious medical and dental needs. Estelle v. Gamble, 429 U.S. 97, 105 (1976). The "deliberate indifference standard under Estelle has two components: an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind." Miller v. Glanz, No. 91-5024, slip op. at 14 (10th Cir. Nov. 18, 1991) (1991 WL 237561) (citing Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991)).
 
 
 9
 Plaintiff does not allege that he has been denied medical or dental care, only that, in his opinion, the care provided has not been adequate. See Estelle, 429 U.S. at 107 (decision not to x-ray does not constitute cruel and unusual punishment). We have previously held that a difference of opinion as to medical care between a prisoner and the prison medical staff does not give rise to a constitutional violation. Smart v. Villar, 547 F.2d 112, 114 (10th Cir.1976).
 
 
 10
 Even if we construe Plaintiff's pro se complaint liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and accept his factual allegations as true, Plaintiff has failed to demonstrate that the prison authorities have exhibited the necessary intent to deliberately deprive him of needed care. See Miller, No. 91-5024, slip op. at 14-15. Plaintiff's Eighth Amendment claims were properly dismissed.
 
 
 11
 Plaintiff alleges that Defendant Barry was negligent and failed to exercise due care in the preparation of his food. A mere negligent act is not enough to trigger the protections of the due process clause. Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir.1990) (citing Daniels v. Williams, 474 U.S. 327, 330 (1986). The inadvertence on the part of the jail food preparers resulting in a staple being left in Plaintiff's food, although unfortunate, does not create the kind of deprivation which invokes constitutional protection. See Daniels v. Williams, 474 U.S. at 331-33; Apodaca v. Rio Arriba County Sheriff's Dep't, 905 F.2d 1445, 1447 (10th Cir.1990).
 
 
 12
 Plaintiff also claims that he was denied equal protection of the law in violation of his constitutional rights under the Fourteenth Amendment. "A violation of equal protection occurs when the government treats someone differently than another who is similarly situated." Jacobs, Visconsi & Jacobs, 927 F.2d at 1118. Plaintiff has failed to allege that he is a member of a protected group receiving disparate treatment. See Ruark, 928 F.2d at 949. Plaintiff's equal protection claim was properly dismissed.
 
 
 13
 Plaintiff's request for oral argument is DENIED, and the Judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 Honorable Patrick F. Kelly, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3