Theodore RUARK, Plaintiff–Appellant,

v.

Henry SOLANO and Colorado Department of Corrections, Defendants–Appellees.

No. 90–1264.

United States Court of Appeals, Tenth Circuit.

March 20, 1991.

Theodore Ruark, pro se.

Duane Woodard, Atty. Gen., John R. Parsons, Asst. Atty. Gen., Charles B. Howe, Deputy Atty. Gen., and Richard H. Forman, Sol. Gen., on the brief, for Defendants–Appellees.

Before ANDERSON, TACHA, and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Plaintiff Theodore Ruark appeals the district court's dismissal of his pro se complaint under 42 U.S.C. § 1983.[1] Plaintiff complains that he was confined as a prisoner in the Diagnostic Unit of the Colorado Department of Corrections (CDOC) in violation of the due process clause of the fourteenth amendment. He further complains about various aspects of the conditions of his confinement, including thirteenth amendment and equal protection violations. Plaintiff also alleges he was totally denied access to a law library or alternative legal resources for his entire nine month confinement in the Diagnostic Unit. He sues Henry Solano, who was director of the CDOC during the relevant period, and Annette Porter, a CDOC legal assistant, for damages of $100,000 each.

Plaintiff's complaint was referred to a magistrate. The magistrate concluded: (1) the conditions of plaintiff's confinement did not rise to the level of constitutional violations; (2) because plaintiff filed a complaint, he must have had some knowledge of the law and suffered no prejudice from lack of access to legal resources; and (3) defendant Solano was not properly named as a defendant. The magistrate therefore recommended dismissal of the complaint. The district court adopted the magistrate's

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

findings and dismissed the complaint. We affirm in part and reverse in part.

Plaintiff filed his section 1983 claim using forms obtained by mail from the district court clerk. Plaintiff claims he could not cite any authority in support of his complaint or ascertain the availability of other grounds for the complaint because he was denied access to legal resources. Plaintiff filed a Form A–12 in lieu of a brief in this appeal. He also filed a reply brief from his new posting in the Shadow Mountain Correctional Facility where he has adequate access to legal resources.

In his complaint, plaintiff alleges that he was treated differently from similarly sentenced prisoners in that he was: (1) required to share a cell with different prisoners every four or five days, (2) more restricted than others in his daily movement outside his cell, and (3) prevented from having his own television or radio and clothing similar to that of the general prison population. In his amended complaint, plaintiff alleges that although he is no longer required to share a cell, his cell is small and noisy. He also contends his ability to leave his cell is still disparately restricted. He also protests that visitation is limited to three hours each Friday morning.

■ We review the complaint under the same standards applied in the district court. *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986). Because plaintiff pursues his claim pro se, we construe his complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir.1979). A complaint should not be dismissed unless, accepting plaintiff's allegations as true, it appears beyond doubt that plaintiff can prove no set of facts to support the claim for relief. *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir.1989). To state a valid section 1983 claim, plaintiff must allege defendants acted under color of state law to deprive him of a right secured by the Constitution. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

■ We agree with the magistrate that plaintiff alleges no facts regarding the locus or general living conditions of his confinement that could amount to a due process violation. Plaintiff apparently seeks to challenge his extradition from a federal penitentiary to CDOC. We find no basis for this claim in the facts alleged. Plaintiff has no right to incarceration in a particular facility, *see, e.g., Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 1745, 75 L.Ed.2d 813 (1983), so he cannot complain of deprivation of this "right" in violation of due process.

■ Nor have plaintiff's eighth amendment rights been violated. Prison conditions violate the eighth amendment if they result in the "unnecessary and wanton infliction of pain," are "grossly disproportionate to the severity of the crime warranting imprisonment," or result in an "unquestioned and serious deprivation of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 346–47, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). However, "[t]o the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offense against society." *Id.* at 347, 101 S.Ct. at 2399; *see also Battle v. Anderson*, 788 F.2d 1421, 1427–28 (10th Cir.1986) (affirming that a prison is "not a nursery school" but a place for confining convicted felons). The treatment about which plaintiff complains does not rise to the serious level implicating a violation of constitutional rights.

■ Similarly, we cannot say the allegations that plaintiff's living conditions constitute disparate treatment support an equal protection claim. Plaintiff alleges no restriction of his fundamental constitutional rights. Nor, as the magistrate noted, does plaintiff allege he is a member of a protected group. *See generally* L. Tribe, American Constitutional Law 1437–38 (2d ed. 1988). Plaintiff's equal protection claim was properly dismissed.

■ Plaintiff's involuntary servitude claim under the thirteenth amendment also must fail. The thirteenth amendment's restriction on involuntary servitude does not

apply to prisoners. *See Omasta v. Wainright*, 696 F.2d 1304, 1305 (11th Cir.1983).

■ However, plaintiff's claim of denial of access to legal materials was improperly dismissed. The rule governing prisoners' access to courts was stated by the Supreme Court in *Bounds v. Smith*, 430 U.S. 817, 827, 97 S.Ct. 1491, 1497, 52 L.Ed.2d 72 (1977): "We hold ... that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."

Unlike the magistrate and district court, we do not find plaintiff's allegations insufficient under this standard. The magistrate concluded that "[e]xcept in the most general terms, plaintiff does not allege why he needs access to a law library, nor has he alleged that he has suffered any harm from not being able to use one." In support of this conclusion, the magistrate cited *Love v. Summit County*, 776 F.2d 908, 915 (10th Cir.1985), *cert. denied*, 479 U.S. 814, 107 S.Ct. 66, 93 L.Ed.2d 25 (1986) and *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir.1980) for the rule that in the absence of allegations of injurious consequences, plaintiff presents no actionable claim.

■ These two cases are distinguishable from the instant case. In both the cited cases, the court held that plaintiffs show no prejudice from lack of access to law libraries when they have adequate access to alternative legal resources. Here, there is no showing of access to alternative legal resources. Plaintiff complains he was totally denied access to any legal resources in the Diagnostic Unit. A prisoners' constitutional right to access to legal resources is not conditioned on a showing of need. *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir.1989); *Peterkin v. Jeffes*, 855 F.2d 1021, 1041 (3d Cir.1988).

■ Even reading plaintiff's complaint liberally, however, we find no allegations to support a claim against defendant Solano. Plaintiff has not alleged defendant Solano was personally responsible for the denial of access to legal resources. Moreover, "there is no concept of strict supervisor liability under section 1983." *Harris v. Greer*, 750 F.2d 617, 618 (7th Cir.1984) (pro se case). Plaintiff's vague and wholly unsupported allegations of a conspiracy between defendants Solano and Porter are inadequate to implicate Solano individually in a deprivation of plaintiff's constitutional rights in violation of section 1983. *See Durre v. Dempsey*, 869 F.2d at 545. Nor is Solano a proper defendant in his official capacity. As a representative of the state, Solano is not a "person" within the meaning of section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989); *Wilson v. Brown*, 889 F.2d 1195, 1197 (1st Cir. 1989). The complaint against defendant Solano was properly dismissed.

Plaintiff's allegations of denial of access to legal resources can be construed to state a claim against defendant Porter, however. Plaintiff complains his requests for access to resources went unanswered by Porter. Although she is not a proper party in her official capacity, *see Will*, 109 S.Ct. at 2308, plaintiff's allegations fairly can be read to complain of Porter's personal violation of his fourteenth amendment rights while acting under color of state law. *See Scheuer v. Rhodes*, 416 U.S. 232, 235, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (individual liability alleged when official "acted outside the scope of ... his office or, if within the scope, acted in an arbitrary manner, grossly abusing the lawful powers of office"). The district court's dismissal of Count I of the section 1983 claim regarding access to legal resources against defendant Porter was inappropriate at this stage of the proceedings. We therefore AFFIRM the district court's dismissal of the complaint against defendant Solano and REVERSE as to Count I against defendant Porter. The mandate shall issue forthwith.