**Leroy COPELAND, Petitioner,**

v.

**Warden R.L. MATTHEWS, Respondent.**

**No. 89–3100–R.**

United States District Court,
D. Kansas.

June 24, 1991.

Jenifer Grundy, Atty. Advisor, U.S. Penitentiary, Leavenworth, Kan., for petitioner.

Jackie A. Rapstine, Asst. U.S. Atty., Topeka, Kan., for respondent.

## ORDER

ROGERS, District Judge.

This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate at the United States Penitentiary, Leavenworth, Kansas, is serving an aggregated sentence of 15–to–45 years imposed by the Superior Court for the District of Columbia in 1979. Petitioner was committed to the custody of the United States Attorney General in July 1979 and

was assigned to serve his sentence in a federal penitentiary. While incarcerated in the federal prison system, petitioner earns statutory good time pursuant to 18 U.S.C. § 4161 and is eligible to earn additional good time pursuant to 18 U.S.C. § 4162.

## Discussion

In this action, petitioner asserts he should receive good time credits pursuant to the District of Columbia Good Time Credits Act of 1986 (hereafter "Act"), codified at D.C.Code §§ 24–428—24–434 (1989). Briefly summarized, the Act is an effort to alleviate the severe overcrowding which exists in the District of Columbia correctional institutions by applying good time credits to reduce the minimum sentences of inmates in those facilities. This system is significantly different from the good time credit scheme of the federal Bureau of Prisons ("Bureau"), which applies credits only to the inmate's maximum sentence. Thus, under the Act, good time credits apply to reduce the minimum sentence, which controls the inmate's parole eligibility, as well as to reduce the maximum sentence, which controls the date of mandatory release. In contrast, the Bureau's system advances only the date of mandatory release.

As written, the Act applies only to inmates housed in District facilities and not to those District offenders assigned to federal facilities. D.C.Code § 24–428(a) (1989) provides:

> Every person who is convicted of a violation of a District of Columbia ("District") criminal law by a court in the District of Columbia, imprisoned in a District correctional facility, and whose conduct is in conformity with all applicable institutional rules is entitled to institutional good time credits in accordance with the provisions of this section.

Since petitioner commenced this action in March 1989, at least two Circuits have rejected the argument that the denial of credits under the Act to District offenders in federal prisons violates equal protection or due process.

In *Moss v. Clark*, 886 F.2d 686 (4th Cir. 1989), the Fourth Circuit reversed the ruling of the District Court for the Eastern District of Virginia which petitioner cites in this action. In reaching its decision, the Fourth Circuit found the Act's distinction of inmates based upon the place of their incarceration did not implicate a suspect class or fundamental right and was rationally related to a legitimate governmental interest in the reduction of prison overcrowding in the District of Columbia.

Similarly, in *Pryor v. Brennan*, 914 F.2d 921 (7th Cir.1990), the Seventh Circuit upheld the application of the Bureau's good time credit system to District offenders housed in federal prisons. Like the Fourth Circuit, the Seventh Circuit agreed the challenge involved neither a fundamental right nor a suspect class. Applying the rational basis test, the court found sufficient support for the Act in the governmental goals of reducing overcrowding, administrative efficiency, and the conservative application of early release measures.

Finally, the court notes the District of Columbia Circuit rejected an equal protection challenge to the Act by female District offenders housed in a federal facility in *Jackson v. Thornburgh*, 907 F.2d 194 (D.C.Cir.1990). While expressly reserving comment on any equal protection arguments available to male District offenders, the court found no constitutional infirmity in the legislative distinction created by the Act.

Having considered these decisions and petitioner's argument, this court concludes petitioner is entitled to no relief.

■ The analysis of an equal protection claim must begin with a determination of whether the challenged classification is one which involves a suspect class or the exercise of a fundamental right. *See Plyler v. Doe*, 457 U.S. 202, 216–17, 102 S.Ct. 2382, 2394–95, 72 L.Ed.2d 786 (1982). Here, the court finds neither. Prisoners are not a suspect class. *See Ruark v. Solano*, 928 F.2d 947, 949 (10th Cir.1991); *Pryor*, 914 F.2d at 923; *Moss*, 886 F.2d at 690; *Thornton v. Hunt*, 852 F.2d 526, 527 (11th Cir. 1988). Nor does a prisoner have a funda-

mental right to parole or to release prior to the expiration of a valid sentence. *See Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2103–04, 60 L.Ed.2d 668 (1979); *Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974).

Because neither a suspect class nor a fundamental right is implicated here, the court may apply a rational basis test and may sustain the statutory classification if it serves a valid governmental interest and is rationally related to that interest. *See McGinnis v. Royster,* 410 U.S. 263, 270, 93 S.Ct. 1055, 1059–60, 35 L.Ed.2d 282 (1973).

This court agrees the Act is rationally related to the legitimate governmental interest in reducing overcrowded correctional facilities in the District of Columbia and concludes petitioner is not entitled to relief on his claim.

IT IS THEREFORE ORDERED the petition for habeas corpus is dismissed and all relief denied.