947 F.2d 955
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph Bota ZEKANY, Plaintiff-Appellant,
v.
Henry SOLANO; Colorado Department of Corrections,
Defendants-Appellees.
 No. 90-1266.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Joseph Zekany filed a civil rights complaint under 42 U.S.C. § 1983 alleging that his confinement by the State of Colorado violates various of his constitutional rights. Specifically, Mr. Zekany complains that he was confined for a prolonged period in the diagnostic unit, where he was denied access to various privileges.
 
 
 3
 Mr. Zekany's complaint makes verbatim the same claims raised in an earlier case heard by this court, Ruark v. Solano, 928 F.2d 947 (10th Cir.1991). We decided the merits of all the claims raised by Mr. Zekany in that prior case. Thus, under Ruark, none of the claims raised by Mr. Zekany has merit, except the claim that Mr. Zekany has been denied access to a law library.
 
 
 4
 Unfortunately, Mr. Zekany failed to name the proper defendant for his claim of denial of access to the law library. The legal assistant, Annette Porter, against whom Mr. Ruark successfully stated a claim in the previous action, was not named in the caption of this complaint nor in the jurisdictional statement regarding defendants. Her name does appear in the body of the complaint. However, because she was not properly named as a defendant, Ms. Porter was never served; and the court has never asserted jurisdiction over her. Even our liberal construction of pro se pleadings cannot overcome a jurisdictional defect such as this.
 
 
 5
 Thus, we AFFIRM the dismissal of this action. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3