968 F.2d 1224
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Freddie HARRISON, named: Freddie L. Harrison, Plaintiff-Appellant,
v.
John R. ENRIGHT, Frank O. Gunter, Defendants-Appellees.
 No. 91-1408.
 United States Court of Appeals, Tenth Circuit.
 July 9, 1992.
 
 Before LOGAN, EBEL and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a), 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Freddie L. Harrison appeals from an order of the district court dismissing with prejudice his action filed pursuant to 42 U.S.C. § 1983. We affirm.
 
 
 3
 Harrison, a prisoner at an Arkansas correctional facility, alleged that defendant Enright, chairman of the State Parole Board, and defendant Gunter, director of the State Prison, violated his right to equal protection and due process by their "policies and practices." Harrison alleged that these policies caused defendants' employees to improperly calculate his "time credits" for parole consideration, thereby violating state law. R.Vol. I, tab 3 at 3(a). Harrison requested $5,000.00 for each day he was denied parole review and $1,000,000.00 for mental anguish, to be assessed individually against each defendant; and "[a]ll relief which plaintiff is justly entitled to receive including a declaratory judgment that defendants have violated plaintiff's civil rights." Id. at 5.
 
 
 4
 The case was referred to a magistrate judge who recommended dismissal on the grounds that defendants were entitled to Eleventh Amendment immunity in their official capacities. He also concluded that, in their personal capacities, Enright was entitled to absolute immunity and Gunter could not be held liable under a theory of respondeat superior. After review of Harrison's objections, the district court adopted the recommendation.
 
 
 5
 On appeal, Harrison argues that he can sue defendants "individually." He asserts that he has a constitutional right to due process and equal protection, and that defendants discriminated against him by denying him the right to timely parole review under Colo.Rev.Stat. §§ 17-2-204(1) and 17-22.5-104.
 
 
 6
 Both defendants are state officials. "A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); see also Meade v. Grubbs, 841 F.2d 1512, 1524-25 (10th Cir.1988). States are protected from suit by the Eleventh Amendment. See Edelman v. Jordan, 415 U.S. 651, 663 (1974). (Eleventh Amendment bars suits in federal court by "private parties seeking to impose a liability which must be paid from public funds in the state treasury"). Defendants are protected from suit in their official capacities.
 
 
 7
 Harrison argues that he also sued defendants in their individual capacities. Suits against state officials in their individual capacities are not barred by the Eleventh Amendment. Hafer v. Melo, 112 S.Ct. 358, 365 (1991). Therefore, we must determine whether Harrison should be permitted to proceed with these claims.
 
 
 8
 Harrison alleged that defendants' "policies and practices" resulted in his being denied timely consideration for parole in violation of state law. Harrison argues that defendants were responsible for insuring their employees complied with state law when computing his parole eligibility. Appellant's Br. at 3. He also asserts that defendants were "directly" responsible for the proper training and supervision of their employees who compute "time credits" and "cannot hide behind a shield of ignorance or indifference...." Id. at 4. Harrison alleges that defendants improperly supervised and trained their employees. " '[T]here is no concept of strict supervisor liability under section 1983.' " Ruark v. Solano, 928 F.2d 947, 950 (10th Cir.1991) (quoting Harris v. Greer, 750 F.2d 617, 618 (7th Cir.1984)). A plaintiff must show an affirmative link between the supervisor's conduct and the constitutional deprivation alleged; "liability based upon respondeat superior will not do." Snell v. Tunnell, 920 F.2d 673, 700 (10th Cir.1990), cert. denied, 111 S.Ct. 1622 (1991). Harrison's complaint does not allege the required link between defendants' actions and a constitutional violation. Therefore, defendants cannot be held liable in their supervisory capacity.
 
 
 9
 To the extent that Harrison alleged personal involvement by defendants, that claim also must fail. Harrison alleged that defendants failed to comply with state law; this claim does not rise to the level of a constitutional violation cognizable in federal court. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970) (plaintiff must prove defendant deprived him of right secured by the Constitution and laws of the United States). Harrison's mere recitation of the words "due process" and "equal protection" is insufficient to allege a constitutional violation.
 
 
 10
 Harrison also requested a declaratory judgment that his civil rights were violated by defendants' misapplication of state law. This claim is not cognizable in federal court. See id.
 
 
 11
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3