972 F.2d 357
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Theodore RUARK, Plaintiff-Appellant,
v.
Annette PORTER, Legal Law Library Clerk, Defendant-Appellant.
 No. 91-1444.
 United States Court of Appeals, Tenth Circuit.
 Aug. 7, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 This is the second time we have reviewed this case. In the first appeal we affirmed the district court's dismissal of plaintiff-appellant Theodore Ruark's 42 U.S.C. § 1983 claims against Henry Solano, the supervisor of the Diagnostic Unit at the Colorado Territorial Correctional Facility (CTCF) where Mr. Ruark was incarcerated. Ruark v. Solano, 928 F.2d 947 (10th Cir.1991). However, we reversed the court's dismissal of the § 1983 claim against defendant-appellee Annette Porter, the prison librarian responsible for providing legal materials to Diagnostic Unit Inmates at CTCF. Id. at 950. Mr. Ruark had alleged that Ms. Porter ignored his frequent requests for specific legal materials during his stay in the Diagnostic Unit. See Bounds v. Smith, 430 U.S. 817, 827 (1977) (fundamental constitutional right of access to courts requires prison officials to assist prisoners in filing meaningful legal papers by providing law libraries or other adequate assistance). We remanded for further proceedings on this claim against Ms. Porter in her personal capacity. Ruark, 928 F.2d at 950 (citing Scheuer v. Rhodes, 416 U.S. 232, 235 (1974) (individual liability alleged when official "acted outside the scope of ... his office or, if within the scope, acted in an arbitrary manner, grossly abusing the lawful powers of the office")). On remand the district court referred the matter to a magistrate who conducted two hearings on cross-motions for summary judgment. The district court subsequently entered summary judgment in favor of Ms. Porter, adopting the magistrate's finding that no material disputed fact existed and that Ms. Porter was entitled to judgment as a matter of law. Mr. Ruark now appeals from the summary judgment.
 
 
 2
 Upon exercising de novo review of the district court's summary judgment ruling, see Osgood v. State Farm Mut. Auto Ins. Co., 848 F.2d 141, 143 (10th Cir.1988), we agree that no material disputed fact exists and that Ms. Porter is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c). Requests from Diagnostic Unit inmates such as Mr. Ruark were made through a secured lock box system, which Ms. Porter administered. Ms. Porter adduced summary judgment evidence, including logs and statistical summaries of lock box requests, which indicated that she had responded to numerous inmate requests during the relevant time period and that Mr. Ruark had not submitted any requests for legal materials. Furthermore, the statistical summaries indicated that Mr. Ruark had requested one personal appointment but had failed to show. Under the Rule 56 standard, Ms. Porter thus demonstrated an absence of evidence to support a material element in Mr. Ruark's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The burden then shifted to Mr. Ruark to adduce sufficient evidence on which a jury could reasonably find that he was denied access to legal materials. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 & 251 (1986). Mr. Ruark presented three handwritten duplicates of request forms which he claimed he submitted to Ms. Porter through the lock box system. One of the duplicates was dated after Mr. Ruark filed his complaint and the other two were general requests for federal court forms which he eventually received through prison mail. Examining this summary judgment evidence in the light most favorable to Mr. Ruark, see id. at 249-50, we do not think a fact finder could reasonably conclude that Ms. Porter personally denied him access to legal materials. Mr. Ruark has failed to meet his summary judgment burden.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 FNMr. Ruark also urges us to reconsider the dismissal of his claims against Mr. Solano. This issue was properly decided in the prior appeal.