977 F.2d 595
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lawrence FITZGERALD, Plaintiff-Appellant,
v.
Katherine NASON, and Amy Gertz, Defendants-Appellees.
 No. 91-1368.
 United States Court of Appeals, Tenth Circuit.
 Aug. 31, 1992.
 
 D. Colo. No. 91-B-1665.
 D.Colo.
 AFFIRMED.
 Befort LOGAN, BARRETT, and EBEL, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 BARRETT,
 
 
 3
 Appellant Lawrence Fitzgerald brought this § 1983 action against two state social workers for due process violations regarding the custody of an infant, Kali Graham, whom Fitzgerald claims is his daughter. His complaint was dismissed by the district court as based on conclusory claims, and he appealed.[1] We affirm.
 
 
 4
 Kali Graham was born to a minor, Lisa Ballwahan, who had two other preschool children. The state was legal custodian of the two older children, having previously adjudicated these two children dependent and neglected. All three children were surnamed Graham. Fitzgerald claims to be the father of the infant. He further claims that the only reason that the name Graham appeared on the infant's birth certificate was that appellee Nagle threatened Lisa with loss of custody of the two older children if Thomas Graham, natural father of the two older children, were not listed as Kali's father on Kali's birth certificate.
 
 
 5
 When Kali was two months old, Lisa and all three children, who had been living together for several months with Lisa and Thomas Graham in Colorado, moved with Fitzgerald to Portland, Oregon, without the permission of the Colorado Department of Social Services, which was still the legal custodian of the two older children. The state district court ordered Kali to be placed in temporary protective custody, R. tab 3 (Complaint) ex. D, and ordered law enforcement officers locating the three children to notify the county social service department, to remove the children from Lisa and Fitzgerald's custody, and to detain and protect the children, relinquishing them only to Colorado state social workers. Id. ex. B. Portland police located the children, took them into protective custody, and relinquished them to appellees.
 
 
 6
 The common thread of the numerous claims Fitzgerald makes in his pro se complaint is that he is Kali's natural father. He contends that the social service department's claimed coercion, forcing Lisa to name Thomas Graham as Kali's father on Kali's birth certificate, and its subsequent use of the birth certificate to obtain a court order to remove Kali from Fitzgerald's custody are constitutional deprivations of his right to a relationship with his child.
 
 
 7
 The magistrate judge recommended that the matter be dismissed because: (a) domestic relations are a state, not a federal, matter, and (b) the claimed constitutional violations enumerated in the complaint were conclusory. R. tab 4. Fitzgerald timely filed objections to the magistrate judge's recommendations, reiterating the claims set forth in the complaint. R. tab 5. The district court adopted the magistrate judge's recommendation and dismissed the case. R. tab 6. When the district court dismisses an action,
 
 
 8
 [w]e review the complaint under the same standards applied in the district court. Because plaintiff pursues his claim pro se, we construe his complaint liberally. A complaint should not be dismissed unless, accepting plaintiff's allegations as true, it appears beyond doubt that plaintiff can prove no set of facts to support the claim for relief. To state a valid section 1983 claim, plaintiff must allege defendants acted under color of state law to deprive him of a right secured by the Constitution.
 
 
 9
 Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991) (citations omitted).
 
 
 10
 We agree with the magistrate judge and the district court that domestic relations regulation at the level of the actions for which Fitzgerald seeks relief are a matter of state law rather than rising to the level of federal constitutional deprivation. This circuit has recognized the constitutional protection of the relationship between parents and their children. Kickapoo Tribe of Oklahoma v. Rader, 822 F.2d 1493, 1497 (10th Cir.1987); Wise v. Bravo, 666 F.2d 1328, 1332 (10th Cir.1981). The regulation of that relationship, however, is "particularly within the province of the states" as long as the state's police power regulating the relationship doesn't impinge on the protected relationship and as long as the state provides due process protections. Wise, 666 F.2d at 1337 (Seymour, J., concurring). The state may regulate custody rights as between parents because the state has a compelling interest in the child. Id. at 1337-38. Not every interference in family relations rises to the level of constitutional deprivation that will support a § 1983 action. Id. at 1333, 1335, 1338.
 
 
 11
 In the case before us, Fitzgerald alleges an interference with his parental rights to the degree of constitutional interference. We disagree. Construing all facts alleged in Fitzgerald's complaint and objection to magistrate's recommendation in the light most favorable to Fitzgerald, as we must, his claim of interference does not rise to a deprivation of his parental rights which eclipses the state's constitutionally permissible police power to protect the infant Kali Graham, even in the face of Fitzgerald's claims of paternity and right to Kali's custody.
 
 
 12
 Secondly, the district court dismissed Fitzgerald's complaint because his allegations of constitutional violations were conclusory. We agree. Interpreting Fitzgerald's pro se complaint liberally, he claims that state social workers coerced Lisa to name the father of Lisa's other two children as Kali's natural father on Kali's birth certificate, and, knowing Fitzgerald to be Kali's natural father, took that birth certificate to the state district court to obtain a court order to remove all three children from Fitzgerald's custody. From this, Fitzgerald claims that the social workers impermissibly interfered with his constitutionally protected right to the custody of Kali, the child he claims is his.
 
 
 13
 We repeat that "[i]n reviewing the dismissal of a complaint, '[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true.' " Dunn v. White, 880 F.2d 1188, 1190 (10th Cir.1989) (citation omitted), cert. denied, 493 U.S. 1059 (1990). Fitzgerald, however, has not met even the most minimal pleading requirements to show that he has a claim to constitutional deprivation of his liberty interest in the parent/child relationship. Even if he is Kali's natural father, he has not shown that the social workers named as defendants so abused the state's permissible control over the welfare of children within its jurisdiction as to infringe on Fitzgerald's parental prerogatives.
 
 
 14
 Dismissal was proper only if it appears beyond reasonable doubt that the plaintiff can prove within such allegations no set of facts in support of the claim which would entitle him to relief. While reasonable inferences drawable therefrom must be accepted, mere conclusions characterizing pleaded facts are not, nor are 'unwarranted inferences drawn from the facts or footless conclusions of law predicated upon them.'
 
 
 15
 Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir.1990) (citations omitted). Fitzgerald's conclusion of law that his constitutional due process and liberty rights have been violated are without support from the factual allegations in his complaint and objection to magistrate's recommendation, even read in the most favorable light.
 
 
 16
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendants-appellees did not submit briefs to the court in response to this appeal. After examining plaintiff-appellees did not submit briefs to the court in response to this appeal. After examining plaintiff-appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App. P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument