**Charles E. HARRIS, Plaintiff,**

v.

**Sheriff ROBERTS, et al., Defendants.**

**No. 91–3115–DES.**

United States District Court, D. Kansas.

March 4, 1993.

Charles E. Harris, pro se.

Michael C. Hayes, Hayes & Hayes, Oskaloosa, KS, for defendants.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is before the court on cross motions for summary judgment. Plaintiff proceeds pro se and in forma pauperis on a complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff initiated this lawsuit while incarcerated in Lansing Correctional Facility in Lansing, Kansas. He seeks damages from Sheriff Roberts and from the Jefferson County Sheriff's Department for an alleged eighth amendment violation. Having examined the record, the court finds defendants are entitled to summary judgment.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as matter of law. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). The summary judgment rule is to be interpreted in a way that allows the court to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

In the present case, plaintiff seeks damages under § 1983. Section 1983 provides a recovery mechanism for the deprivation of

federal rights. *Watson v. City of Kansas City, Kan.,* 857 F.2d 690, 694 (10th Cir.1988). To establish a cause of action under § 1983, a plaintiff must allege the deprivation of a federal right by a person acting under color of state law. *Ruark v. Solano,* 928 F.2d 947, 949 (10th Cir.1991). This plaintiff cannot do.

Plaintiff's complaint centers on his arrest on three charges for crimes committed in January 1991 in Jefferson County, Kansas. Plaintiff was arrested in Lyons County, Kansas, and transported to Jefferson County for his first appearance where bond was set at $10,000. It appears plaintiff was prepared to post the bond amount and obtain his release. This plan was thwarted when defendant Roberts contacted plaintiff's parole officer in Lyons County, and as a result, a parole arrest and detain order was issued against plaintiff by another parole officer. Plaintiff requested a *Morrissey* hearing, [*Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) ] and then agreed to continue that hearing until after the preliminary hearing was held on the Jefferson County charges. Plaintiff signed to his understanding that a finding of probable cause on the criminal charges would establish probable cause for the parole violation warrant. The state court judge in Jefferson County found probable cause existed to hold plaintiff on the criminal charges, and plaintiff was not allowed to post bond because of the parole warrant. As a result, plaintiff claims he lost wages and was unable to finish his schooling.

These uncontroverted facts reveal no factual basis for any eighth amendment claim. At most, plaintiff complains that defendant Roberts lied to plaintiff's parole officer. Even if that were true, no constitutional or federal right is implicated.

Plaintiff has no constitutional right to be released on bond or bail. *U.S. v. Salerno,* 481 U.S. 739, 754–55, 107 S.Ct. 2095, 2105–06, 95 L.Ed.2d 697 (1987). The eighth amendment prohibits only the imposition of excessive bail. The amount of the bond set in this case is not at issue.

The constitution further requires the arrest warrant be supported by probable cause. This standard was clearly satisfied in this case. Three reasons were given in the arrest and detain order, any one of which would support the parole order.[1]

The court finds plaintiff's allegations do not present any deprivation of a right secured by the United States Constitution or federal law. The court concludes, therefore, that plaintiff has not stated a claim upon which relief can be granted under § 1983, and that the complaint should be dismissed. Fed.R.Civ.P. 12(b)(6).

IT IS THEREFORE ORDERED that defendants' motion for summary judgment is granted, and that all relief requested by plaintiff is denied.

/s/ RICHARD D. ROGERS

---

1. The three reasons listed were:
   "(1) Violation of Kansas Parole Rule # 2, Laws: By being charged with Burglary (F), Theft (F) and misdemeanor criminal damage to property.
   (2) Violation of Kansas Parole Rule # 3, Weapons: By possessing firearms.
   (3) Violation of Kansas Parole Rule # 1, Reporting & Travel: By being outside the assigned parole district without permission."