991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles S. SHARROCK, Plaintiff-Appellant,
v.
DEPARTMENT OF CORRECTIONS; Mark Linderman, Access Attorney;
Mike Vigil, Law Librarian; Tom Misel, Case Manager; John
Carrol, Case Manager; Phil Aragon, Case Manager; Joseph
Haughain, Step III Grievance Officer, Defendants-Appellees.
 No. 92-1325.
 United States Court of Appeals, Tenth Circuit.
 April 13, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 This matter is before the court on plaintiff Charles Stephen Sharrock's motion for leave to proceed on appeal without prepayment of costs or fees.
 
 
 2
 Plaintiff filed suit against the Colorado Department of Corrections and several employees of the Department, which the district court dismissed pursuant to 28 U.S.C. § 1915(d) in accordance with the recommendation of the magistrate judge. The district court found plaintiff's appeal to be legally frivolous and not taken in good faith and denied plaintiff leave to appeal in forma pauperis. Plaintiff complains that he has been denied court access, that the prison grievance procedures denied him due process, and that he was denied equal protection.
 
 
 3
 In order to succeed on his motion, plaintiff must show both a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C. § 1915(d); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962).
 
 
 4
 We agree with the analysis of the magistrate judge and adopted by the district court that plaintiff's allegations of denial of court access are too conclusory and fail to allege the personal participation of prison officials in alleged confiscation of his paperwork, necessary to state a cause of action under § 1983. Cotner, 795 F.2d at 901-02 (10th Cir.1986); Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir.1976). We also note that plaintiff has filed fifteen separate complaints in federal district court since July 15, 1989. Such activity belies any allegation plaintiff has been denied access to the courts.
 
 
 5
 Plaintiff has also alleged violation of his right to equal protection of the law, but failed to allege he is a member of a protected class. Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991). Likewise, because state prison grievance procedures do not implicate federally protected rights, plaintiff's complaints about that process may not be the basis for a § 1983 complaint. Shango v. Jurich, 681 F.2d 1091, 1101-02 (7th Cir.1982). See also Velasco-Guitierrez v. Crossland, 732 F.2d 792, 798 (10th Cir.1984).
 
 
 6
 We have examined the record and plaintiff's brief and agree with the district court that plaintiff has not stated a claim against any of the named defendants. Plaintiff can make no rational argument on the law or facts in support of the issues raised on appeal. Therefore, the motion for leave to appeal without prepayment of costs or fees is denied. This appeal is dismissed.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3