13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael D. DAMETZ, Plaintiff-Appellant,
v.
Roy ROMER, Governor, State Colorado; Frank Gunter,
Director, Department of Correction; Donna Thurlow,
Administrator, Time Computation; Bob Furlong, Warden, LCF;
Captain Jarvis, Director, case managers; Rock Tidwell, case
manager, LCF, defendants-Appellees.
 No. 93-1213.
 United States Court of Appeals, Tenth Circuit.
 Dec. 1, 1993.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 EBEL
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 This is a pro se civil rights action brought pursuant to 42 U.S.C.1983. The Plaintiff-Appellant, Michael D. Dametz ["Dametz"], an inmate at the Limon Correctional Facility of the Colorado Department of Corrections, seeks monetary damages and injunctive relief against Roy Romer, Governor of the State of Colorado, and the following Colorado Department of Corrections personnel: Frank Gunter, Director, Department of Corrections, Donna Thurlow, Administrator, Time Computation, Bob Furlong, Warden, Limon Correctional Facility, Captain Jarvis, Director, Case Managers, and Rock Tidwell, Case Manager, Limon Correctional Facility [collectively "Defendants"]. The district court dismissed Dametz's 1983 action. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm for the reasons stated by the district court.
 
 
 3
 Before us are Dametz's timely appeal from the district court's dismissal,[2] a motion entitled "Emergency Hearing and Injunctions Forthwith," a motion entitled "Default Judgment," and a motion alleging bias and prejudice on the part of judges and court clerks in the United States District Court for the District Colorado.[3] We address these items in turn.
 
 I. Appeal from District Court's Dismissal
 
 4
 Dametz's 1983 claim alleges that the Defendants erred by refusing to commute his imprisonment term and by altering the date on his mittimus. The district court initially referred this matter to a magistrate judge, who issued a show cause order on January 7, 1993 to afford Dametz the opportunity to explain why his complaint should not be dismissed for failure to state a claim upon which relief can be granted. Record on Appeal, Tab 6 at 1. After Dametz responded to the magistrate's order, the magistrate recommended that Dametz's 1983 complaint be dismissed. Id., Tab 8 at 1. On May 26, 1993, the district accepted the magistrate's recommendation and dismissed Dametz's complaint with prejudice. Id., Tab 19. The district court adopted the magistrate's finding that Dametz failed to specify how the named defendants allegedly violated his constitutional rights.
 
 
 5
 We review the district court's dismissal de novo and apply the same scrutiny to the complaint as did the district court. Ruark v. Solano, 928 F.2d 947, 948 (10th Cir.1991). "A constitutional claim under 1983 should not be dismissed unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988). Moreover, we construe Dametz's complaint liberally because he is a pro se litigant. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ruark, 928 F.2d at 949.
 
 
 6
 To state a claim under 1983, a plaintiff must allege facts demonstrating two elements: "First, the plaintiff must prove that the defendant has deprived him of a right secured by the Constitution and laws' of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory." Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Dametz's complaint fails the first prong of this requirement. He neglects to specify the manner in which any of the named defendants participated in the alleged constitutional violations. To the extent that Dametz is suing the Defendants in their supervisory capacity, the Supreme Court instructs that a person cannot be held liable under 1983 upon a theory of respondeat superior. See City of Canton v. Harris, 489 U.S. 378, 385 (1989). Supervisory personnel are not liable under 1983 for constitutionally-proscribed misconduct by their subordinates unless the plaintiff demonstrates "[a]n affirmative link between the occurrence of the ... misconduct and the adoption of any plan or policy--express or otherwise--showing [the supervisor's] authorization or approval of such misconduct." Rizzo v. Goode, 423 U.S. 362, 371 (1976).
 
 
 7
 Because Dametz fails to allege facts demonstrating that the Defendants personally participated in the alleged constitutional violations, Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir.1976), or acquiesced in the alleged wrongdoing, Meade, 841 F.2d at 1528, we affirm.
 
 
 8
 II. Motion Entitled "Emergency Hearing"
 
 
 9
 We turn next to consider Dametz's motion entitled "Emergency Hearing and Injunctions Forthwith." Dametz alleges that Department of Corrections personnel inhibited his ability to submit documents to this Court and thereby deprived him of his Fourteenth Amendment right to "adequate, effective, and meaningful" access to the courts. See Bounds v. Smith, 430 U.S. 817, 822 (1977); Green v. Johnson, 977 F.2d 1383, 1389 (10th Cir.1992). Given that Dametz timely filed this appeal and the Record on Appeal contains the supplemental material to which he refers in this new motion, we are left uncertain as to the nature of the requested relief. In the absence of specific factual allegations to demonstrate injury, we deny Dametz's motion for failure to allege matters upon which relief can be granted.
 
 III. Motion for Default Judgment
 
 10
 Dametz next urges this Court to enter a default judgment against the Defendants for failure to file a brief in this matter. Pursuant to the Federal Rules of Appellate Procedure, however, the only penalty imposed on an appellee who fails to file a brief is that the Appellees will not be heard at oral argument, except by permission of the court. See Fed. R.App. P. 31(c). On August 3, 1993, the Appellees filed notice with this court that they would not file a response brief. The Appellees are entitled to rest on the district court's disposition. Accordingly, we deny Dametz's motion for a default judgment against the Defendants.
 
 IV. Motion Alleging Bias and Prejudice
 
 11
 After timely filing his appeal from the district court's dismissal of his 1983 action, Dametz filed a motion with this court on June 23, 1993, alleging bias or prejudice on the part of judges and court personnel in the United States District Court for the District of Colorado. "This court will generally not address issues that were not considered and ruled upon by the district court." Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989). Two narrow exceptions to this general rule include issues relating to jurisdiction under Article III, 2 of the United States Constitution and questions of sovereign immunity. Id. (citations omitted). Dametz's motion does not qualify under these exceptions. Because Dametz's motion is not a part of his appeal from the district court's dismissal of his 1983 suit against the above-named Defendants, we decline to address Dametz's allegations.
 
 
 12
 The judgment of the district court is therefore AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 We acknowledge receipt of Dametz's letter of November 14, 1993 alleging that Limon Correctional Facility personnel tampered with mail Dametz sent this Court regarding the pending matter. The letter, however, does not request separate relief that would be appropriate in the structure of this appeal
 
 
 [3]
 We deny Dametz's motion requesting the appointment of counsel. In addition, we deny Dametz's motion to supplement the record by filing a writ of habeas corpus pursuant to 28 U.S.C. 2254