UNITED STATES COURT OF APPEALS
**Filed 4/18/96**TENTH CIRCUIT

ROBERT L. HATCHER, JR.,                    )
                                           )
    Plaintiff-Appellant,                   )
                                           )
    v.                                     )      No. 95-6400
                                           ) (D.C. No. CIV-94-933-R)
EDWARD L. EVANS, Warden; HENRY             )      (W. Dist. Okla.)
HUTCHERSON; JAMES COY, GLEN HAGER,         )
BETH BAREFOOT, VERNON SANDERS,             )
CINDY DURFEY, and ELDON PARKER,            )
                                           )
    Defendants-Appellees.                  )
                                           )

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Plaintiff Robert Hatcher, a pro se inmate, filed this 42 U.S.C. § 1983 civil rights complaint against officials at the James Crabtree Correctional Center. He alleged his Eighth and Fourteenth Amendment rights were violated by overcrowding and inhumane conditions of confinement, by deliberate indifference to his medical need for a non-smoking environment, and by retaliatory disciplinary measures.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendants moved to dismiss. The district court adopted the report and recommendation of the magistrate court, dismissing plaintiff's claim regarding Environmental Tobacco Smoke (ETS) as duplicitous and granting summary judgment in favor of defendants on the remaining claims.

We review a summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. Carl v. City of Overland Park, 65 F.3d 866, 868 (10th Cir. 1995). Summary judgment is appropriate only if there are no genuine disputes of material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Plaintiff contends the district court erred in granting defendants' motion for summary judgment and in granting qualified immunity. A state official acting in his official capacity is not a person within the meaning of § 1983 and is immune from suit by operation of the Eleventh Amendment. See Ruark v. Solano, 928 F.2d 947, 950 (10th Cir. 1991).

Plaintiff argues defendants knowingly and deliberately interfered with his medically-prescribed treatment. An inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Plaintiff has presented no evidence to satisfy the constitutional standard required to prove an Eighth Amendment violation. A review of the record reveals no evidence that defendants deliberately interfered with plaintiff's medically-prescribed treatment.

Plaintiff also contends he was transferred in retaliation for exercising his constitutional rights. It is well settled that officials may not retaliate against an inmate because of the inmate's exercise of his Fourteenth amendment right to access to the

2

courts. <u>Green v. Johnson</u>, 977 F.2d 1383, 1389 (10th Cir. 1992). In order to survive a summary judgment motion, plaintiff must present affirmative evidence of improper motive. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 257 (1986). Plaintiff has failed to present such evidence.

Plaintiff contends the court erred in dismissing his ETS exposure claim as duplicitous. The court found defendants were entitled to dismissal under 28 U.S.C. § 1915(d) on plaintiff's claim regarding ETS exposure because the identical issue with regard to prior and present confinement had been raised and decided in plaintiff's civil rights claim filed in the Eastern District of Oklahoma.

We have reviewed the briefs of the parties, the pleadings, the magistrate court's report and recommendation, and the district court's order, and have carefully examined the entire record on appeal. Based upon our review of the record, we find the district court did not err in dismissing plaintiff's ETS claim or in granting summary judgment in favor of defendants.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3