**UNITED STATES COURT OF APPEALS**

**Filed 6/20/96**

---

DONALD HENRICHSEN,

      Plaintiff - Appellant,

    v.

ROY ROMER, Governor of Colorado, in
his individual capacity, jointly and
separately; ARISTEDES W. ZAVARAS,
Executive Director of Colorado
Department of Corrections, in his
individual capacity, jointly and separately;
FRANK O. GUNTER, Executive Director
of Colorado Department of Corrections, in
his individual capacity, jointly and
separately; ROBERT HICKOX, Warden
of DCC, in his individual capacity, jointly
and separately; WARDEN, BUENA
VISTA CORRECTIONAL FACILITY, in
individual capacity, jointly and separately,

      Defendants - Appellees.

No. 96-1045
(D. Ct. No. 95-Z-2294)
(D. Colo.)

---

**ORDER AND JUDGMENT***

---

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

---

*This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders
and judgments; nevertheless, an order and judgment may be cited under the terms and conditions
of 10th Cir. R. 36.3.

determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This appeal is from an order of the district court dismissing pro se petitioner's civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff appeals on the ground that the district court erred in dismissing this action in which he alleges that his constitutional rights guaranteed to him under the Eighth Amendment were violated when he was required to share a cell with a smoking inmate. We affirm.

Pro se petitioner is currently incarcerated at the Delta Correctional Facility. Petitioner is a non-smoker who alleges in his complaint that he has repeatedly been required to share the cell with a smoking inmate. Although petitioner correctly points out that the Supreme Court has held that a non-smoking plaintiff states a legally cognizable cause of action by alleging an Eighth Amendment violation when the inmate is required to be housed with a smoker. Helling v. McKinney, 509 U.S. ____, 113 S. Ct. 2475, 125 L.Ed.2d 22 (1993). In his complaint herein, however, plaintiff fails to allege that any of the defendants named in this action personally participated in requiring defendant to be housed with smoking inmates. In an action alleging a violation of § 1983, personal participation by a defendant is necessary to stating a cause of action. Bennett v. Passic, 545 F.2d 1260 (10th Cir. 1976). Defendants cannot be held liable under a theory of respondeat superior actions brought pursuant to 42 U.S.C. § 1983. Ruark v. Solano, 928

F.2d 947 (10th Cir. 1991). Even construing petitioner's complaint liberally, as we must in this pro se complaint, no allegation ties these defendants to the alleged unconstitutional action. This court has made clear that action brought pursuant to 42 U.S.C. § 1983 must at least allege personal participation for each action.

We have reviewed the briefs, the magistrate judge's report, and the order of the district court, as well as the full record on appeal, and affirm for substantially the reasons given by the district court.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge
