No. 96-5095, *Roberts v. Glanz*

Attachment (Recommendation of U.S. Magistrate Judge) not available electronically.

**Filed 12/31/96**

—————————————

LEONARD RENAL ROBERTS,

    Plaintiff-Appellant,

v.

STANLEY GLANZ,

    Defendant-Appellee.

No. 96-5095
(D.C. No. CV-92-497-H)
(N.D. Oklahoma)

—————————————

**ORDER AND JUDGMENT**[*]

—————————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

—————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Roberts, a prisoner proceeding pro se, brought suit against Tulsa

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

County Sheriff Stanley Glanz claiming several constitutional violations pursuant to 42 U.S.C. § 1983. 42 U.S.C. § 1983 (1994). The United States District Court for the Northern District of Oklahoma granted Mr. Glanz's motion for summary judgment on all claims. Mr. Roberts now appeals the district court's decisions regarding his constitutional right of access to the courts and inadequate medical treatment claims. We affirm.

We review motions for summary judgment de novo. *Wolf v. Prudential Ins. Co.*, 50 F.3d 793, 796 (10th Cir. 1995). Summary judgment is proper only where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Id.* "When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the [non-moving] party." *Id.*

Mr. Roberts first claims Mr. Glanz violated his constitutional right of access to the courts. "[T]he ... constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, *Bounds* did not create an abstract, free-standing right to a law

library or legal assistance. *Lewis v. Casey*, 116 S. Ct. 2174, 2180 (1996). To establish a constitutional violation, a prisoner must demonstrate restricted access to legal materials hindered efforts to pursue a legal claim; in other words, the prisoner must be able to show he was actually injured. *Id.* The Supreme Court has provided examples of what constitutes actual injury in a right of court access claim:

> [A prisoner] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Id.*

Mr. Roberts claims Mr. Glanz violated his constitutional right of access to the courts because the jail failed to mail a habeas corpus writ, and because the jail delayed or neglected several of Mr. Roberts' requests for law books. Prior to Mr. Roberts' criminal trial, Mr. Roberts attempted to file two habeas corpus writs. The jail properly mailed the first writ, and it was filed with the district court. Mr. Roberts then attempted to file a second writ with the Oklahoma criminal appeals court challenging the sufficiency of the State's evidence against him, but the jail failed to mail the writ. Mr. Roberts claims "[h]ad appellant been able to get his

petitions before the Criminal Court of Appeals prior to trial, there would never have been a trial." However, the merits of Mr. Roberts' assertions raised in his pre-trial habeas corpus writ would have been addressed during Mr. Roberts' direct appeal of his criminal conviction and not prior to his criminal trial. Mr. Roberts has not shown the jail's failure to mail the writ of habeas corpus resulted in a missed court deadline or resulted in the court failing to hear his claims. As a result, even assuming the truth of Mr. Roberts' claims, as we must, Mr. Roberts fails to establish actual injury under *Lewis*, 116 S. Ct. at 2180.

Mr. Roberts also claims Mr. Glanz violated his constitutional right of access to the courts because some of his law-book requests went unheeded. However, Mr. Roberts fails to establish actual injury as a result of the jail delaying or neglecting Mr. Roberts' requests for legal materials. Mr. Roberts has failed to show actual injury by showing, for example, that his limited access to legal materials led to a claim's dismissal or led to his inability to file a claim. Consequently, Mr. Roberts has failed to show he has suffered an acutal injury under *Lewis* due to restricted access to legal materials. *Id.*

Furthermore, to sustain a claim against an individual defendant under § 1983, a plaintiff must establish that defendant's personal responsibility for the

plaintiff's inability to access the courts.  *Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991).  While such personal responsibility may be established through the defendant's failure to supervise his or her employees, the plaintiff must be able to show the supervisory defendant "expressly or otherwise, authorized, supervised, or participated in conduct which caused the constitutional deprivation."  *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990), *cert. denied*, 499 U.S. 976 (1991).  As support for his claim that Mr. Glanz supervised conduct resulting in a constitutional deprivation, Mr. Roberts references a letter Mr. Glanz wrote to Mr. Roberts referring Mr. Roberts to a discontinued legal assistance program.  Nevertheless, this letter does not establish Mr. Glanz in any way authorized or participated either in the jail's failure to mail the habeas corpus writ, or in the jail's failure to timely fill Mr. Robert's law-book requests.  Consequently, Mr. Roberts has failed to show Mr. Glanz's personal responsibility for any violations of Mr. Roberts' constitutional rights.  Accordingly, we affirm the district court's grant of summary judgment in favor of defendants on the legal access claim.

Mr. Roberts also claims Mr. Glanz unconstitutionally denied him medical treatment.  Mr. Roberts' constitutional claim is based on his assertions that after complaining of stomach pain, Mr. Roberts saw only nurses rather than a doctor and received improper medication for his ulcer.  The district court held because

Mr. Roberts failed to show "deliberate indifference" to his medical needs as required under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), he failed to establish a constitutional violation. Upon careful review of the record, we affirm the district court's grant of summary judgment in favor of Mr. Glanz for substantially the same reasons set forth in the magistrate judge's recommendation, a copy being attached. To the extent Mr. Roberts attempts to appeal the remaining decisions of the district court regarding denial of exercise privileges and unsanitary kitchen procedures, upon careful review, we affirm for substantially the same reasons set forth in the magistrate judge's recommendation.

**Entered for the Court:**

**WADE BRORBY**
United States Circuit Judge