655 F.2d 210
 Weldon M. KENNEDY, a/k/a Attorney At Law, Plaintiff-Appellant,
v.
Ed HERSCHLER, Chairman of the B.C.R. and his successors in
office, and Jim Ferguson, Deputy Warden, in their
official and personal capacities,
Defendants-Appellees.
Weldon M. KENNEDY, Plaintiff-Appellant,
v.
Jim FERGUSON, Deputy Warden, and Ira Walton, Associate
Warden of Treatment, in their personal and
official capacities, Defendants-Appellees.
 Nos. 80-1682, 80-1724.
 United States Court of Appeals,
Tenth Circuit.
 Submitted on the Briefs Pursuant to Tenth Circuit Rule 9.
Decided July 27, 1981.
 
 Weldon Kennedy, pro se.
 John D. Troughton, Atty. Gen., Gay Vanderpoel, Asst. Atty. Gen., Cheyenne, Wyo., for defendants.
 Before SETH, Chief Judge, and PICKETT and SEYMOUR, Circuit Judges.
 PER CURIAM.
 
 
 1
 After examining the briefs and the appellate records, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of these appeals. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). These causes are therefore ordered submitted without oral argument.
 
 Case No. 80-1682
 
 2
 By this action, appellant Weldon Mead Kennedy has sued appellee Herschler of the Wyoming Board of Charities and Reform and appellee Ferguson, Deputy Warden of the Wyoming State Penitentiary, for civil rights violations stemming from the failure to provide Kennedy with a prison rule book. The state filed a pleading captioned "Special Report," alleging that a new rule book would be completed in June of 1980.
 
 
 3
 The trial court on June 27, 1980, entered an order directing Kennedy to exhaust administrative remedies and further ordered that "the Complaint be, and hereby is, dismissed without prejudice to refile within ninety days."
 
 Case No. 80-1724
 
 4
 This action was brought against appellees Ferguson and Walton in their capacities as Deputy and Associate Wardens, respectively. Kennedy claims he is being harassed, denied access to the courts, and denied the right to assist other inmates with legal matters. Kennedy also alleges appellee Ferguson has told Kennedy to stop filing so many grievance complaint forms. The trial court dismissed the action by an order identical to that in No. 80-1682. We reverse.
 
 
 5
 In May of 1980, the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997 et seq. (CRIPA) was approved. Pub.L. 96-247, 96th Cong., 2nd Sess., 94 Stat. 349, et seq. (May 1980). Under CRIPA, the United States Attorney General will have certain rights and obligations not formerly authorized by statute respecting the initiation of civil lawsuits against certain state institutions.
 
 
 6
 The essential provisions of section 7 (42 U.S.C. § 1997e) are addressed to the exhaustion of administrative remedies in actions commenced pursuant to 42 U.S.C. § 1983:
 
 
 7
 Sec. 7. EXHAUSTION OF REMEDIES.
 
 
 8
 (a)(1) Subject to the provisions of paragraph (2), in any action brought pursuant to section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983) by an adult convicted of a crime confined in any jail, prison, or other correctional facility, the court shall, if the court believes that such a requirement would be appropriate and in the interests of justice, continue such case for a period of not to exceed ninety days in order to require exhaustion of such plain, speedy, and effective administrative remedies as are available.
 
 
 9
 (2) The exhaustion of administrative remedies under paragraph (1) may not be required unless the Attorney General has certified or the court has determined that such administrative remedies are in substantial compliance with the minimum acceptable standards promulgated under subsection (b).
 
 
 10
 The statute mandates that "exhaustion of administrative remedies ... may not be required unless the Attorney General has certified or the court has determined that such administrative remedies are in substantial compliance with the minimum acceptable standards promulgated under subsection (b)." 42 U.S.C. § 1997e(a)(2). (Emphasis added.) Such determination has not been made by the district court in these cases.
 
 
 11
 In addition, the exhaustion requirement specifies that the court shall continue the matter for a period not to exceed ninety days. 42 U.S.C. § 1997e(a)(1). As we read the statute, there is no congressional intent to authorize dismissal of a § 1983 action, only continuance of the matter for a period not to exceed ninety days for purposes of administrative exhaustion.
 
 
 12
 In his concurring opinion in Parratt v. Taylor, --- U.S. ----, ----, 101 S.Ct. 1908, 1922, 68 L.Ed.2d 420 (1981), Justice Powell stated at footnote 13 that:
 
 
 13
 Congress, recognizing the problem with respect to prisoner petitions, enacted last year the Civil Rights of Institutionalized Persons Act ... authorizing federal courts to continue § 1983 prisoner cases for up to 90 days to allow recourse to administrative remedies. The grievance procedures, however, must be certified by the Attorney General or determined by the court to be in compliance with not insubstantial procedural requirements.
 
 
 14
 Pursuant to 42 U.S.C. § 1997e(b)(1), the Attorney General has promulgated the standards for inmate grievance procedures. 46 Fed.Reg. 3843, et seq. (January 16, 1981). Thus the district court is now in a position to make the determination required by 42 U.S.C. § 1997e(a)(2). See Jenkins v. Brewer, No. 79 C 2188 (N.D.Ill.1979), aff'd without opinion, 624 F.2d 1106 (7th Cir. 1980), judgment vacated and cause remanded for consideration in light of CRIPA, 450 U.S. 904, 101 S.Ct. 1338, 67 L.Ed.2d 327 (1981) (§ 1983 complaint dismissed for failure to exhaust prison administrative remedies); United States v. Elrod, 627 F.2d 813 (7th Cir. 1980) (remanded for consideration in light of CRIPA).
 
 
 15
 Appellant Kennedy has filed letters with the clerk of this court seeking to dismiss appellee Ferguson from these two cases. Treated as motions to dismiss as to this appellee, they are granted.
 
 
 16
 Accordingly, the judgments of the United States District Court for the District of Wyoming are vacated and the causes remanded for further proceedings consistent with this opinion. The mandates shall issue forthwith.
 
 
 17
 VACATED AND REMANDED.