13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Derrick R. PARKHURST, Donald Gee, Kenneth Dale Nicodemus,
Kevin P. Seavolt, Michael Bradley Westover,
Patrick John McAtee, Jeff Hallock, and
Kevin Charles Porth,
Plaintiffs-Appellants,
v.
WYOMING DEPARTMENT OF CORRECTIONS STATE PENETENTIARY
DIRECTOR, also known as Judy Uphoff, in her official
capacity; Wyoming Department of Corrections State
Penitentiary Warden, also known as Duane Shillinger, in his
official capacity, Defendants-Appellees.
 Nos. 93-8084, 93-8085, 93-8086, 93-8088, 93-8089.
 United States Court of Appeals, Tenth Circuit.
 Dec. 3, 1993.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellants filed a complaint in the district court asserting their civil rights are being violated because defendants failed to provide an adequate law library for their use. They sought declaratory judgment and mandatory injunctive relief.
 
 
 3
 Finding the plaintiffs had not exhausted an available state grievance procedure which complies with the requirements of 28 C.F.R. 40.1-40.10, the district court dismissed the complaint without prejudice. In Kennedy v. Herschler, 655 F.2d 210, 212 (10th Cir.1981), we held under identical circumstances exhaustion was not required unless the district court determined the administrative procedures complied with the minimal acceptable standards of the Civil Rights of Institutionalized Persons Act. In addition, we held under 42 U.S.C.1997e(a)(1) outright dismissal in any case was improper.
 
 
 4
 The district court has adequately concluded exhaustion is required, but its order of dismissal was improper. The judgment is REVERSED and the cause REMANDED with instructions to continue the action for ninety days to allow for exhaustion as required by statute. The motions for leave to appeal without payment of fees are GRANTED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R.36.3