19 F.3d 33
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Willie J. JOHNSON, Plaintiff-Appellant,
v.
Duane SHILLINGER; Ron Reuttgers; Jack Batts; C.M.
Johnson; Stan James; Jack Sexton; and Security
Third Shift, Wyoming Department of
Corrections, Defendants-Appellees.
 Nos. 93-8059, 93-8061.
 United States Court of Appeals, Tenth Circuit.
 March 8, 1994.
 
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Willie J. Johnson appeals the dismissal of his civil rights complaints in case numbers 93-8059 and 93-8061. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm the district court's decision in case 93-8059 and reverse and remand case 93-8061.
 
 I. Case No. 93-8059
 
 3
 Mr. Johnson appeals the dismissal of his civil rights complaint alleging discrimination, slander, misuse of authority, harassment and mental and physical damage. We review the district court's dismissal of Mr. Johnson's complaint de novo and apply the same scrutiny to the complaint as did the district court. Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991). "A constitutional claim under 1983 should not be dismissed unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988). We construe Mr. Johnson's complaint liberally because he is a pro se litigant. Haines v. Kerner, 404 U.S. 519, 520 (1972); Ruark, 928 F.2d at 949.
 
 
 4
 To state a claim under 1983, a plaintiff must allege facts demonstrating that defendants deprived him of a right secured by the Constitution and laws of the United States and that the alleged deprivation was under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Meade, 841 F.2d at 1526. Mr. Johnson has failed to meet these requirements. Mr. Johnson's complaint is entirely conclusory. Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be granted. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991); Williams v. Meese, 926 F.2d 994, 998 (10th Cir.1991).
 
 
 5
 We affirm the district court in case number 93-8059 for substantially the reasons given by the district court.
 
 II. Case No. 93-8061
 
 6
 Mr. Johnson appeals the dismissal of his civil rights complaint alleging that the defendants discriminated against him in regard to his access to family "trailer" visits. The district court dismissed Mr. Johnson's claims without prejudice for failure to exhaust the administrative procedure provided by the Wyoming State Penitentiary. Under the Civil Rights of Institutionalized Persons Act, district courts have the discretion to stay a 1983 case for ninety days to allow an inmate to exhaust a qualified state prison grievance procedure. 42 U.S.C.1997e; Kennedy v. Herschler, 655 F.2d 210, 211-12 (10th Cir.1981). However, the 1997e exhaustion requirement does not authorize the dismissal of the action. Kennedy, 655 F.2d at 212. It is the failure of the inmate to exhaust the procedures or to show good cause to excuse exhaustion during the stay which can result in the dismissal of the case. Gartrell v. Gaylor, 981 F.2d 254, 258 (5th Cir.1993). The record indicates that the Wyoming Penitentiary has a qualified prison grievance procedure as defined in 1997e. The district court was incorrect in dismissing Mr. Johnson's 1983 claim for failure to exhaust and instead should have continued the case for ninety days to allow Mr. Johnson the opportunity to exhaust the prison grievance procedure.
 
 
 7
 We grant Mr. Johnson's petition to proceed in forma pauperis and we AFFIRM the district court's decision in case 93-8059 and REVERSE and REMAND case 93-8061 with instructions to continue the action for ninety days to allow for exhaustion as required by statute. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470