16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Darryl MARTIN, Plaintiff-Appellant,
v.
Frank GUNTER, Executive Director, individually and in
official capacity; Inmate Accounts Supervisor, in
individual and official capacity; Hearing Board Officer, in
individual and official capacity, Defendants-Appellees.
 No. 93-1249.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1994.
 
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 TACHA
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Darryl Martin appeals from an order of the district court dismissing his civil rights complaint brought under 42 U.S.C.1983. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 I. Background
 
 3
 Mr. Martin is an inmate at the Arkansas Valley Correctional Facility (AVCF). He filed a pro se civil rights complaint pursuant to 1983 alleging that Frank Gunter, Executive Director of the Colorado Department of Corrections (CDOC), an unknown inmate account supervisor and an unknown hearing board officer (the defendants), deprived him of his rights under the United States Constitution.
 
 
 4
 In the course of his current legal efforts, Mr. Martin was provided with copying and postage services by the AVCF. The AVCF deducted the cost of these services from Mr. Martin's inmate account leaving him with a negative account balance. Mr. Martin complains that the AVCF is applying 100% of his prison income and 100% of a monthly stipend against the negative balance of his account. As a result, Mr. Martin asserts that he does not have sufficient funds to purchase necessary hygienic items. Mr. Martin's 1983 claim alleges that this conduct violates CDOC regulation 202-2(3)(d)[2], as well as the Thirteenth Amendment, the Equal Protection Clause, the Due Process Clause of the Fourteenth Amendment, and his right to access of the courts.
 
 
 5
 The district court referred this matter to a magistrate judge who recommended that Mr. Martin's Thirteenth Amendment and Equal Protection claims be dismissed. The magistrate judge, however, recommended that Mr. Martin's claims that the defendants violated his right to equal access of the courts by confiscating his pay and that by confiscating his pay, the defendants violated Mr. Martin's Due Process rights protected by the Fourteenth Amendment, be referred back to the magistrate judge for further proceedings. The district court accepted the magistrate's recommendation to dismiss the Thirteenth Amendment and Equal Protection claims and rejected the recommendation to refer the other claims back to the magistrate. However, the district court ordered that the remaining claims regarding the confiscation of Mr. Martin's pay also be dismissed because Mr. Martin failed to follow the adequate post-deprivation remedies which existed under Colorado law.
 
 II. Discussion
 
 6
 We review the district court's dismissal of Mr. Martin's claims de novo and apply the same scrutiny to the complaint as did the district court. Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991). "A constitutional claim under 1983 should not be dismissed unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988). Moreover, we construe Mr. Martin's complaint liberally because he is a pro se litigant. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ruark, 928 F.2d at 949.
 
 
 7
 Turning first to Mr. Martin's claim that the defendants denied him access to the courts by confiscating his pay, we recognize that the Due Process Clause of the Fourteenth Amendment guarantees state inmates the right to "adequate, effective, and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977); Green v. Johnson, 977 F.2d 1383, 1389 (10th Cir.1992). We impose affirmative obligations on the states to assure all inmates access to the courts and assistance in the preparation and filing of legal papers. Ramos v. Lamm, 639 F.2d 559, 583 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981). However, this constitutional obligation does not require states to afford inmates unlimited access to assistance. See Twyman v. Crisp, 584 F.2d 352, 358 (10th Cir.1978). In determining how to provide meaningful access, prison officials may consider economic factors. Twyman, 584 F.2d at 359. States must provide inmates with a reasonable opportunity to present their legal claims. Bounds, 430 U.S. at 825. We evaluate Colorado's program "as a whole to ascertain its compliance with constitutional standards." Id. at 832.
 
 
 8
 Mr. Martin was provided with copying and postage services by the AVCF. It is not required that these services be provided free of charge, nor does it violate Mr. Martin's constitutional right to be required to reimburse the prison for these costs. The CDOC's practice of providing postage on credit and then deducting the costs from an inmate's account does not foreclose a prisoner's "adequate, effective, and meaningful" access to the courts. Moreover, after a careful review of the record, we do not find any factual allegations showing that the CDOC's policy prevented Mr. Martin from pursuing any legal actions. Mr. Martin's claim that he was denied meaningful access to the courts is without merit.
 
 
 9
 To state a claim under 1983, a plaintiff must prove that the defendant has deprived him of a right secured by the Constitution and laws of the United States. Additionally, the plaintiff must show that the defendant deprived him of this constitutional right while acting under color of state law. Quezada v. County of Bernalillo, 944 F.2d 710, 714 (10th Cir.1991). An inmate does have a protected property interest in the funds in his inmate account. Gillihan v. Shillinger, 872 F.2d 935, 938-39 (10th Cir.1989). Mr. Martin asserts that his Fourteenth Amendment rights were violated when an AVCF employee applied 100% of the money deposited in his inmate account against his negative account balance in violation of CDOC 202-2(3)(d) which limits deductions to 50% of an inmate's deposits. The United States Supreme Court has held that neither negligent nor intentional random or unauthorized deprivations of property under color of state law are actionable where a plaintiff has an adequate state post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 541 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Mr. Martin's claim fails under 1983 because he failed to follow the adequate state post-deprivation remedies which were available. Hudson, 468 U.S. at 533; Durre v. Dempsey, 869 F.2d 543, 545-47 (10th Cir.1989). Here Colorado law provides such a remedy for instances when property is wrongfully taken by a state official. See Colo.Rev.Stat. 24-10-106(1)(b). Because Mr. Martin did not pursue this remedy, his complaint fails to state a claim under 1983.
 
 
 10
 We agree with the recommendation of the magistrate judge and the order of the district court that Mr. Martin failed to state a claim under the Thirteenth Amendment or the Equal Protection Clause. We concur with the district court that Mr. Martin failed to state a claim for the confiscation of his pay under 1983. The order of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 CDOC Reg. 202-2(3)(d) provides that "[c]ollection of [inmate debt] shall be made by withholding 50 percent of all monies deposited until paid."