69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sireino MARTINEZ, Plaintiff-Appellant,
v.
MESA COUNTY SHERIFF, Mesa County Undersheriff, Defendants-Appellees.
 Consolidated[1] Nos. 95-1154, 95-1157
(D.C.Nos.95-S-458, 95-S-338) (D.Colo.).
 United States Court of Appeals, Tenth Circuit.
 Nov. 1, 1995.
 
 ORDER AND JUDGMENT[2]
 Before TACHA, LOGAN and KELLY, Circuit Judges.[3]
 KELLY, Circuit Judge.
 
 
 1
 Plaintiff Sireino Martinez, appearing pro se and in forma pauperis, appeals from the district court's dismissal of his civil rights complaints. We exercise jurisdiction under 28 U.S.C. 1291, and affirm.
 
 
 2
 Mr. Martinez is incarcerated at the Mesa County, Colorado, Detention Facility. He does not allege whether he is a pretrial detainee or a convicted felon. He brought these two actions pursuant to 42 U.S.C.1983, alleging violations of his constitutional rights. In appeal No. 95-1154, Mr. Martinez alleges that the telephone policy outlined in the prison's inmate handbook is a violation of his rights because his request to make a personal telephone call to his mother following the death of his aunt was denied, and because he was only permitted to place one telephone call to the hospital where his father was a patient following a heart attack. Mr. Martinez further alleges that these denials of his requests to use the telephone constituted retaliation against him for filing a related suit against the Mesa County Sheriff, as well as discrimination as a result of his cousin running for election against the sheriff. In No. 95-1157, Mr. Martinez makes similar allegations arising out of the denials of his requests to make personal telephone calls using the prison phone system.
 
 
 3
 On review, we construe Mr. Martinez's pro se complaint liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991). Nevertheless, we are obligated to dismiss Mr. Martinez's 1983 claim if he cannot allege that the defendants, acting under color of state law, deprived him of an existing constitutional right. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Mr. Martinez has no constitutional right to make personal telephone calls, and thus, his 1983 claim must be dismissed. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). Mr. Martinez argues that the prison's Inmate Handbook confers upon him the right to make telephone calls. However, as the Supreme Court recently stated in Sandin v. Connor, 115 S.Ct. 2293, 2300 (1995), while prison regulations may in some instances "create liberty interests which are protected by the Due Process Clause[,] .... these interests will be generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Mr. Martinez's list of grievances plainly constitutes nothing beyond the ordinary hardships of prison life. Furthermore, we find no support in the record to support Mr. Martinez's allegation of retaliation or discimination.
 
 
 4
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 We order that these appeals be consolidated under Fed. R.App. P. 3(b)
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [3]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument