69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sireino MARTINEZ, Plaintiff--Appellant,
and
Ted COCA, Robert Lewis Champ, IV; David William Paiva,
Gordon William Armstrong, Harold D. Stahl, Eric
Lee Nicholson, Plaintiffs,
v.
MESA COUNTY SHERIFF'S DEPARTMENT, RICKE Claussen,
Defendants-Appellees.
 No. 95-1155.
 United States Court of Appeals, Tenth Circuit.
 Nov. 1, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.[2]
 KELLY, Circuit Judge.
 
 
 1
 Plaintiff Sireino Martinez, appearing pro se and in forma pauperis, appeals from the district court's dismissal of his civil rights complaint. We exercise jurisdiction under 28 U.S.C. 1291, and affirm.
 
 
 2
 Mr. Martinez is incarcerated at the Mesa County, Colorado, Detention Facility. While he did not distinguish to the district court whether he was a pretrial detainee or a convicted felon, on appeal Mr. Martinez suggests that he and his coplaintiffs "at one point in time ... were all pretrial detainees." Aplt. Br. at 4. Mr. Martinez initially brought this action under 42 U.S.C.1983, basically alleging that the conditions of confinement at the Mesa County Detention Facility constituted a violation of his constitutional rights under the Eighth and Fourteenth amendments.
 
 
 3
 To the extent that Mr. Martinez seeks relief under the cruel and unusual punishment standard of the Eighth Amendment, his claim must fail because the Eighth Amendment standard does not apply to pretrial detainees. Ingraham v. Wright, 430 U.S. 651, 671-72 n. 40 (1977). The appropriate standard to apply to pretrial detainees is that of the due process clause of the Fourteenth Amendment. The Fourteenth Amendment prohibits the imposition of conditions that amount to punishment of the detainee prior to a full adjudication of guilt as due process requires. Bell v. Wolfish, 441 U.S. 520, 535 (1979). Construing Mr. Martinez's pro se complaint liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991), his allegations of violations are generalized grievances concerning prison management, which we are not empowered to decide. Therefore, his claim is based on an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989); see Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). As Mr. Martinez has failed to articulate any arguable claim for relief, dismissal pursuant to 28 U.S.C.1915(d) was proper.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument