**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GUY FRANKLIN RANDALL,

Plaintiff-Appellant,

v.

BOARD OF COUNTY
COMMISSIONERS, STEVENS
COUNTY, OKLAHOMA; SHERIFF
JIMMIE BRUNER; SHERIFF
RONALD HUNTER; CURTIS
WAYNE TURNER, RON
BRANTLEY, MIKE JONES, JOSH
SEELY, Jailers; ROGER MALLORY,
LARRY OYSTER, Jail
Administrators; WILLIAM L.
CORPORON, M.D., in their individual
and official capacities,

Defendants-Appellees.

No. 05-6188
(D.C. No. CIV-03-727-F)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Before **TYMKOVICH**, **McKAY**, and **BALDOCK**, Circuit Judges.

In this civil rights action brought pursuant to 42 U.S.C. § 1983, Guy Franklin Randall, a state prisoner appearing pro se, appeals the order entered by the district court granting summary judgment in favor of the defendants. Exercising jurisdiction under 42 U.S.C. § 1291, we affirm.

Randall was incarcerated as a pretrial detainee in the county jail in Stephens County, Oklahoma from July 20, 2000 until May 30, 2001. On May 27, 2003, Randall filed his initial civil rights complaint in the district court. On May 13, 2004, Randall filed his first amended complaint. In his amended complaint, Randall alleged that defendants violated his Fourteenth Amendment due process rights while he was incarcerated at the Stephens County Jail by failing to provide him with adequate medical care. As summarized by the magistrate judge in her supplemental report and recommendation to the district court, Randall specifically alleged the following:

> For more than thirty years, Plaintiff has been dependent on insulin because of Type I diabetes. Plaintiff states that when he entered the Stephens County Jail, he was also experiencing "the early stages of renal failure with hypertension." He states that he was never seen by a physician in the jail, but he acknowledges that he was taken once or twice to the emergency room at Duncan Regional Hospital and that he was taken once to the office of [defendant Corporon,] a private physician. Additionally, Plaintiff states that jail personnel called for emergency care from the fire department or ambulance services more than twelve times while he was incarcerated in the jail. . . .

Plaintiff states that he gained nearly fifty pounds in water weight while he was incarcerated in the Stephens County Jail because [defendant Corporon] discontinued a prescribed diuretic. Plaintiff further states that . . . [defendant Corporon] changed his prescription for insulin and that this change resulted in numerous bouts of hypoglycemia. Plaintiff contends that his blood glucose was not properly monitored and that he was not provided with a proper diabetic diet. According to Plaintiff, he experienced numerous skin infections and lesions, which he attributes to "unhygienic" conditions in the jail, the lack of proper medical care, the lack of an initial screening procedure, the lack of a sick call procedure, and the lack of a physician on staff. Plaintiff states that he developed end stage renal failure, gross hypertension, severe diabetes and chronic infections while he was incarcerated in the Stephens County Jail. He attributes these maladies to his need for chronic care which he claims he did not receive. . . . Plaintiff states that he broke his great toe during an insulin reaction and that this injury was never treated by a doctor. . . .

Additionally, Plaintiff challenges as unconstitutional the lack of mental health care available while he was incarcerated in the Stephens County Jail.

R., Doc. 187 at 2-4.

The magistrate judge recommended that summary judgment should be entered in favor of each of the defendants in this case, concluding that: (1) Randall's claims against defendants Corporon, Hunter, Mallory, Turner, Jones, Oyster, Seely, Brantley, and the Board of County Commissioners were barred by the applicable two-year statute of limitations, *id.* at 5-19; and (2) Randall failed to "support[] his claims against . . . Defendant [Bruner] with sufficient evidence to create a genuine issue of material fact as to whether Defendant Bruner failed to properly train or supervise the jail staff," *id.* at 20.

The district court adopted the magistrate judge's recommendation "in its entirety," *id.*, Doc. 189 at 2, and the court therefore granted summary judgment "to each of the defendants in this action for the reasons set out in the Supplemental Report and Recommendation," *id.*

In this appeal, Randall has not challenged the district court's statute of limitations rulings. In fact, Randall does not make a single reference to the rulings in his appellate brief. As a result, Randall has waived his right to appeal the district court's entry of summary judgment in favor of defendants Corporon, Hunter, Mallory, Turner, Jones, Oyster, Seely, Brantley, and the Board of County Commissioners, and we do not need to address the statute of limitations rulings. *See Lifewise Master Funding v. Telebank*, 374 F.3d 917, 927 n.10 (10th Cir. 2004) (holding that appellant waived its right to appeal the rulings of the district court that it did not substantively address in its opening brief); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived."); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (stating that "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants," and that "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record") (quotation omitted).

With regard to defendant Bruner, we review the district court's grant of summary judgment de novo, and affirm only if the record, considered in the light most favorable to Randall, demonstrates that there is no genuine issue of material fact and that defendant Bruner is entitled to judgment as a matter of law. *See Jones v. Denver Pub. Sch.*, 427 F.3d 1315, 1318 (10th Cir. 2005); Fed. R. Civ. P. 56(c). Having conducted the required de novo review, we agree with the district court that defendant Bruner was entitled to summary judgment.

As explained by the magistrate judge, defendant Bruner was elected Sheriff of Stephens County during the time Randall was incarcerated in the Stephens County Jail, and "[s]he assumed the duties of Sheriff on January 2, 2001." R., Doc. 187 at 20. According to Randall's amended complaint, defendant Bruner was thereafter "the final decision maker for the Stephens County Sheriff's Office and Jail," and Randall claims that defendant Bruner subsequently "failed to adequately train or supervise those individuals who operated the jail and were responsible in providing the plaintiff's medical care." *Id.*, Doc. 57 at 15 (original in bold and all upper case letters).

As an initial matter, we note that Randall's inadequate medical attention claim is based directly on the Fourteenth Amendment's due process clause, and not on the Eighth Amendment's prohibition against cruel and unusual punishment (as applied to the states through the Fourteenth Amendment's due process clause). As this court has previously recognized, however, the analysis is the same.

Under the Fourteenth Amendment's due process clause, pretrial detainees . . . are entitled to the same degree of protection regarding medical attention as that afforded convicted inmates under the Eighth Amendment. Thus, [a pretrial detainee's] inadequate medical attention claim must be judged against the "deliberate indifference to serious medical needs" test of *Estelle v. Gamble*, 429 U.S. 97, 104 . . . (1976).

*Frohmader v. Wayne*, 958 F.2d 1024, 1028 (10th Cir. 1992) (citation omitted).

This is a difficult standard to meet, as "'[d]eliberate indifference[]' . . . requir[es] a higher degree of fault than negligence, or even gross negligence." *Barrie v. Grand County, Utah*, 119 F.3d 862, 869 (10th Cir. 1997) (quotation omitted); *see also Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Specifically, as this court has articulated the standard, "an official or municipality acts with deliberate indifference if its conduct (or adopted policy) disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." *Barrie*, 119 F.3d at 869 (quotation omitted). To make this showing, Randall must "present evidence of the prison official's culpable state of mind," and this requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quotation omitted).

In addition, because Randall is seeking to impose § 1983 liability on defendant Bruner based on an inadequate supervision and training theory, Randall must show both that one or more of the employees at the jail acted with deliberate

indifference to his serious medical needs, and that there is "an affirmative link between the constitutional violation and the supervisor's own actions, or failure to supervise." *Mee v. Ortega*, 967 F.2d 423, 431 (10th Cir. 1992) (quotation omitted). In other words, as explained by the magistrate judge, Randall "must establish that Defendant Bruner caused or contributed to the alleged constitutional violations," and defendant Bruner's "supervisory status alone is insufficient to support § 1983 liability." R., Doc. 187 at 20 (citing *Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991); *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996)).

In her supplemental report and recommendation, the magistrate judge concluded that "Plaintiff has presented no facts to support a claim that personnel working at the Stephens County Jail were not adequately trained or supervised, much less that Defendant Bruner was deliberately indifferent to the need for more or different training or supervision." R., Doc. 187 at 22. The magistrate judge summarized her reasoning as follows:

> Attached to Bruner's Brief as Exhibit 12 is a medical log for Plaintiff which shows that Plaintiff's blood glucose level was checked several times each day and that medication was administered each day. Plaintiff himself acknowledges that jail personnel called the local ambulance or fire department services "more than twelve times" for him. Amended Complaint at 12. He also states that he was taken to the Duncan Regional Hospital Emergency Room for treatment. *Id.* These incidents do not indicate that jail personnel lacked appropriate training or that they were deliberately indifferent to Plaintiff's serious medical needs. Rather, the calls for emergency

> medical help indicate that jail personnel were willing to procure medical help for Plaintiff whenever he needed it.
>
> Plaintiff's conclusory allegations of "unhygienic" conditions in the jail are insufficient to support a claim of deliberate indifference.

*Id.* at 22-23.

Because it is undisputed that the employees at the Stephens County Jail followed defendant Corporon's instructions regarding Randall's insulin medication and the need to check Randall's blood glucose level a minimum of two times each day, *id.*, Doc. 167, Exs. 12, 13, we agree with the magistrate judge that Randall failed to demonstrate the existence of genuine issues of material fact to support his inadequate medical attention claim. That said, we also note that it is undisputed that Randall was diagnosed as suffering from end-stage renal disease and started on dialysis three times a week within days of his transfer from the Stephens County Jail. *Id.*, Doc. 163, Ex. C (containing progress notes and medical records pertaining to medical treatment that Randall received in June 2001). Based on the record before this court, however, we agree with the magistrate judge that Randall failed to put forth sufficient evidence to show deliberate indifference to his medical needs, either in terms of a lack of training or supervision or in terms of the medical care that he received at the jail. To the contrary, as noted by the magistrate judge, Randall's diabetic condition was monitored several times a day, and he received emergency medical care when needed.

Finally, while it is undisputed that Randall was diagnosed as suffering from a right groin infection following his transfer from the Stephens County Jail, we agree with the magistrate judge that Randall's allegations regarding the "unhygienic" conditions at the jail are too conclusory to support a claim of deliberate indifference. Likewise, Randall has failed to put forth any specific facts to show that the employees at the jail knew of and disregarded his alleged toe injury or his alleged need for mental health care.

The judgment of the district court is AFFIRMED. Randall's motion to proceed without prepayment of the appellate filing fee is granted. We remind Randall that he must continue making partial payments until the entire fee has been paid.

Entered for the Court

Monroe G. McKay
Circuit Judge