**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 15, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DARRELL IGOU; CONNIE IGOU,

     Plaintiffs - Appellants,

v.

BANK OF AMERICA, N.A; BAC HOME
LOANS SERVICING, L.P.,

     Defendants - Appellees.

No. 13-1274
(D.C. No. 1:12-CV-01314-WYD-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

     Darrell and Connie Igou appeal the dismissal of their attempt to rescind a 2009

loan due to alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–

1667f.  Exercising jurisdiction under 28 U.S.C. § 1291, subject to the limitations

explained below, we affirm the dismissal.

---

     [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

In 2003, the Igous purchased a house in Littleton, Colorado. They took out a mortgage loan and refinanced several times. Facing foreclosure after defaulting on their mortgage, Appellants tried to rescind their loan based on purported violations of TILA. In support of this, Appellants allege: (1) The Igous applied to Catalyst Lending, Inc. to refinance their loan and First Integrity Title Agency LLC was selected to close the transaction on May 20, 2009, and (2) "The [unspecified] creditor failed and/or refused to make many of the disclosures required by [TILA] and state law" and "failed to make *any* of the disclosures required by TILA in timely fashion as mandated by TILA and state law." The complaint contains no other relevant information or allegations.

When their notice of rescission went unanswered, the Igous filed a complaint against Bank of America, N.A. and BAC Home Loans Servicing, L.P. (collectively "BANA"),[1] alleging a TILA violation and seeking both a declaratory judgment that the loan was rescinded and an injunction to stop the foreclosure proceedings. BANA filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

On May 29, 2013, the district court granted the motion because the complaint did not (1) attach the relevant documents for the court to analyze so it could issue a declaration of rights, (2) allege how BANA is connected to the transaction, or (3) provide enough specifics about the TILA violation to satisfy the pleading standards in Fed. R. Civ. P. 8. The court, however, did not enter final judgment. On June 27, the Igous filed a

---

[1] BAC Home Loans Servicing, L.P. merged with and into Bank of America, N.A. before this lawsuit.

motion to alter or amend judgment asking the district court to reconsider its rulings or, in the alternative, to allow them to amend their complaint[2]—even though the district court had not yet entered judgment. On June 28, the Igous filed their notice of appeal from the May 29 order "in the exercise of caution," noting that "[t]his Order does <u>not</u> appear to be a final appealable order." On July 8, the district court entered final judgment and dismissed the complaint and action with prejudice. But on July 10, it entered an amended final judgment and dismissed the complaint and action <u>without</u> prejudice. On December 20, the district court issued its order denying the motion to alter or amend judgment, which it treated as a post-judgment motion under Fed. R. Civ. P. 59(e). That order also denied leave to amend the complaint. The Igous timely appealed.

## II

As a preliminary matter, we must resolve if this court has jurisdiction to review the district court's May 29, 2013 order, its December 20, 2013 order, or both orders.[3] "A timely notice of appeal is both mandatory and jurisdictional." <u>Coll v. First Am. Title Ins. Co.</u>, 642 F.3d 876, 886 (10th Cir. 2011) (internal quotation marks omitted). Although the Igous' notice of appeal was premature because it was filed before entry of judgment

---

[2] The request to amend was informal. The Igous did not reference Fed. R. Civ. P. 15(a) or file a motion for leave to amend the complaint under that rule. Nor did they attach a copy of the proposed amended pleading with strike-throughs showing the text to be deleted and underlining showing the text to be added as required by D.C.COLO.LCivR 15.1.

[3] On appeal, BANA continues to argue that Mrs. Igou lacks standing. We do not need to address this issue. <u>See</u> <u>Rumsfeld v. Forum for Academic & Institutional Rights, Inc.</u>, 547 U.S. 47, 52 n.2 (2006) (noting if one party has standing there is no need to inquire into the standing of the other parties to bring identical claims).

under Fed. R. Civ. P. 58, it ripened when the district court entered judgment. See Fed. R. App. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order— but before the entry of the judgment or order—is treated as filed on the date of and after the entry."). Though a premature notice of appeal ripens upon entry of judgment, the notice does not automatically encompass all orders that the district court issued in the case. "The notice of appeal must . . . designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B); see also Nolan v. U.S. Dep't of Justice, 973 F.2d 843, 846 (10th Cir. 1992) ("Each requirement in Rule 3 must be satisfied as a prerequisite to appellate review.").

The notice of appeal in this case references only "the Order (Doc. #33) issued by the Court on May 29, 2013." The Igous did not file a notice of appeal or amend the notice of appeal after the December 20 order disposed of their Rule 59(e) motion, which included a request to amend the complaint. Because the only notice of appeal in this case does not reference the December 20 order, our jurisdiction extends only to the May 29 order. It is to the merits of this order we now turn.

### III

The Igous argue that the district court erred in dismissing their claims because the complaint contained sufficient information to support declaratory judgment and the allegations in the complaint were detailed enough to put BANA on notice of the TILA claim underlying their request for injunctive relief. However, for either form of relief, the Igous have not alleged sufficient facts such that a court could find a plausible "showing that [they are] entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

4

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must allege specific facts that would support the conclusion that he is entitled to relief. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) ("[M]ere labels and conclusions . . . will not suffice."). The district court's dismissal under Rule 12(b)(6) is subject to de novo review. SEC v. Shields, 744 F.3d 633, 640 (10th Cir. 2014).

The complaint first seeks "a declaratory judgment establishing that the mortgage on the Property has been rescinded in accordance TILA [sic] and state law." But the complaint does not name relevant documents that would permit such a ruling, attach them, or describe their contents. Nor does the complaint attach or describe the document that purportedly accomplished a valid rescission. See, e.g., McGinnis v. GMAC Mortg. Corp., No. 2:10-cv-00301-TC, 2010 WL 3418204, at *5 (D. Utah Aug. 27, 2010) (court could not determine from pleading how defendants failed to provide material TILA disclosures); Tasaranta v. Homecomings Fin. LLC, No. 09CV1666 WQH(JMA), 2009 WL 3055227, at *3 (S.D. Cal. Sept. 21, 2009) (allegations did not satisfy Rule 8(a) pleading standards where plaintiffs did not attach loan documentation to the complaint, make any specific factual allegations as to the contents of that documentation, or allege which TILA provisions were violated).

Similarly, the complaint does not contain sufficient allegations to support the Igous' request for an order enjoining BANA from enforcing the loan because of a

5

TILA violation. The complaint does not state which TILA disclosures the creditor failed to provide—alleging only that "[t]he creditor failed and/or refused to make many of the disclosures required by [TILA] and state law." Although we have not yet had the occasion to articulate the level of detail needed to allege a TILA violation, courts across the country have emphasized that plaintiffs must provide basic details to support TILA claims or those claims will be dismissed under Rule 12(b)(6). See, e.g., Carter v. Bank of Am., N.A., 888 F. Supp. 2d 1, 24 (D.D.C. 2012) (dismissing because vague allegations were not specific enough to state a TILA claim); Isagawa v. Homestreet Bank, 769 F. Supp. 2d 1225, 1234 (D. Haw. 2011) (allegations that TILA disclosures were "false" or "incomplete" lacked "any degree of specificity" and were "insufficient to put Defendants on notice of the disclosures that allegedly were not provided"). Because the Igous have alleged no facts that would support the finding of a violation of TILA, they have failed to state a claim for which the courts can provide relief. The district court properly dismissed the TILA claim.

## IV

We agree with the district court that the Igous' complaint fails to state a claim under TILA, and we **AFFIRM**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

6