**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BYRON TYROME TODD,

    Plaintiff - Appellant,

v.

THE UNITED STATES FEDERAL
CORPORATION, as superior respondent;
THE STATE OF NEW MEXICO; THE
STATE OF COLORADO; THOMAS
MONTOYA; PATRICK WILKES;
JOSEPH JARIMILLIO; COLORADO
BUREAU OF INVESTIGATIONS;
MR./MRS. JOHN DOE & EL PASO
COUNTY SHERIFFS DEPUTIES
ASSIGNED TO EL PASO COUNTY
JAIL; TERRY MAKETA; BILL ELDER;
EL PASO COUNTY HEALTH
DEPARTMENT; COLORADO
DEPARTMENT OF CORRECTIONS;
CORE CIVIC; TRINITY SERVICES
GROUP,

    Defendants - Appellees.

No. 19-1031
(D.C. No. 1:17-CV-00599-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

_____

Byron Todd, a Colorado prisoner proceeding pro se,[1] appeals the district court's order dismissing his civil-rights action. For the reasons explained below, we affirm.

Todd's operative complaint includes six claims and 14 defendants. The district court characterized the complaint as "rambling and disorganized," but it nevertheless reviewed each of Todd's claims. R. vol. 2, 103. Todd's first two claims "concern allegations arising from events in New Mexico from 2007 to 2009." *Id.* at 104. The district court dismissed these claims based on improper venue. The district court further found that, for two reasons, it wasn't in the interest of justice to transfer these claims to their proper venue in the District of New Mexico. *See* 28 U.S.C. § 1406(a) (allowing district court to correct venue problem "if it be in the interest of justice"). First, the district court found that Todd "fail[ed] to meet the pleading standard required by Rule 8 of the Federal Rules of Civil Procedure" because his complaint did not "set forth in a discernable manner what each defendant did to [him], when the defendant did it, how the defendant's action harmed him, and what specific legal right he believes the defendant violated." R. vol. 2, 105; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Second, the district court noted that "these claims appear barred by the applicable three-year statute of limitations." R. vol. 2, 106; *see also Mondragon v. Thompson*, 519 F.3d 1078, 1082

_____

[1] We liberally construe pro se pleadings, but we won't act as Todd's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

2

(10th Cir. 2008) (stating that statute of limitations for 42 U.S.C. § 1983 actions in New Mexico is three years).

Todd's third claim—which he brings against "the United States Federal Corporation," R. vol. 2, 94—includes conclusory allegations of excessive force, inadequate meals, and "undefined 'vigilantism,'" *id.* at 106 (quoting *id.* at 94). The district court first concluded that sovereign immunity barred this claim because "the United States has not waived sovereign immunity . . . for constitutional tort claims." *Id.* Next, the district court noted that the allegations in this claim "appear to arise from the requirement that [Todd] register as a sex offender." *Id.* at 107. Thus, the district court reasoned, this claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that a prisoner can't use § 1983 to obtain monetary damages for an allegedly invalid conviction. *See* 512 U.S. at 483. And the district court concluded that to grant Todd relief on this claim would imply that whatever prior conviction resulted in Todd's registration requirement was somehow invalid.[2] *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] prisoner cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence.").

---

[2] An individual can overcome the bar in *Heck* if he or she can show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. But the district court noted that Todd failed to make such a showing.

3

Todd's remaining claims allege that his incarceration is equivalent to slavery. In each, he requests money damages from "the United States Federal Corporation" because it hasn't "enforce[d] appropriate legislation." R. vol. 2, 108 (alteration in original) (quoting *id.* at 95). And in his fourth claim, Todd contends that Colorado "breach[ed] its duty to not create laws that violate [his] civil rights." *Id.* (alterations in original) (quoting *id.* at 95). The district court dismissed the claims against the United States based on sovereign immunity. It similarly concluded that Eleventh Amendment immunity barred the claim against Colorado. The district court further noted that Todd's reliance on the Thirteenth Amendment's prohibition of slavery was "misplaced" because the Thirteenth Amendment doesn't apply to prisoners. *Id.* at 110; *see also Fletcher v. Raemisch*, 768 F. App'x 825, 827 (10th Cir. 2019) (unpublished) (noting that "[T]hirteenth [A]mendment's restriction on involuntary servitude does not apply to prisoners" (quoting *Ruark v. Solano*, 928 F.2d 947, 949–50 (10th Cir. 1991), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996))).

Thus, the district court dismissed Todd's complaint. Todd appeals.[3]

---

[3] In a prior order, we remanded this case so the district court could address issues related to the timeliness of Todd's notice of appeal. On remand, the district court construed Todd's untimely notice of appeal as both (1) a timely motion to reopen the time to file an appeal and (2) a timely notice of appeal. *See* Fed. R. App. P. 4(a)(6) (providing that district court may reopen time to file appeal if moving party meets certain conditions). We therefore have jurisdiction over this appeal. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) (stating that timely notice of appeal is mandatory and jurisdictional in civil case).

Todd's appellate brief is difficult to decipher. Initially, he presents no challenge to the district court's venue rulings, thereby waiving any challenge to the district court's dismissal of his first two claims. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue."). And he likewise fails to mention and thus waives any challenge to the district court's Eleventh Amendment ruling, which was the basis for dismissing part of his fourth claim. *See id.*

As to the remainder of his claims, Todd attempts to challenge the district court's rulings by arguing that the district court wrongly characterized his claims as arising under § 1983. Instead, he contends, he is bringing "federal claim[s] under 28 U.S.C. [§] 1331 and 28 U.S.C. [§] 1332." Aplt. Br. 7. But those two statutes merely confer federal-question and diversity jurisdiction on the federal district courts—they do not create "federal claim[s]," as Todd suggests. *Id.*; *see also* §§ 1331–32. Indeed, "jurisdiction under § 1331 exists only where there is a 'colorable' claim arising under federal law." *McKenzie v. U.S. Citizenship & Immigration Servs., Dist. Dir.*, 761 F.3d 1149, 1156 (10th Cir. 2014) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). And although Todd references various constitutional amendments and vaguely alleges that the United States should take some action to protect his rights, he fails to allege a colorable claim arising under federal law.[4] *See Nasious*, 492 F.3d

---

[4] Indeed, Todd even concedes on appeal that, just as the district court ruled, sovereign immunity renders the United States immune from any claim for monetary damages. And to the extent that Todd seeks other forms of relief, such as an injunction, his failure to make out a colorable claim arising under federal law

5

at 1163 (providing that viable complaint "must explain," among other things, "what specific legal right the plaintiff believes the defendant violated"). Nor does § 1332 provide Todd with any assistance. To invoke that provision, a party must demonstrate diverse citizenship and a claim exceeding $75,000. *See Arbaugh*, 546 U.S. at 513. Todd fails to make that showing here.

Todd also reiterates on appeal his allegations of "vigilantism," asserting generally that he and his family have been harassed because he is listed on Colorado's sex offender registry. Aplt. Br. 6. But in support, Todd specifically argues that he was "falsely accused" of the crime or crimes that resulted in his registration requirement. *Id.* at 7. Thus, any claim based on alleged vigilantism is precisely the kind of claim that is barred under *Heck*: to grant relief to Todd on the basis that he was falsely accused would necessarily cast doubt on the validity of his underlying conviction or convictions. *See* 512 U.S. at 483.

Accordingly, we affirm the district court's dismissal of Todd's complaint. Finally, we deny Todd's motion to proceed in forma pauperis because he has failed to demonstrate the existence of a reasoned, nonfrivolous argument on appeal. *See*

---

likewise dooms that request. *See Igou v. Bank of Am., N.A.*, 634 F. App'x 208, 210 (10th Cir. 2015) (unpublished) (noting that to obtain injunctive relief, plaintiff must allege sufficient facts to state plausible claim for relief).

*DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court


Nancy L. Moritz
Circuit Judge